# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BROADCAST MUSIC, INC., COTILLION
MUSIC, INC., NANCY HALL STAFFORD
d/b/a Terry Stafford Music Co., SONGS OF
UNIVERSAL, INC.,  et al.,

                **Plaintiffs,**

-vs-                               **Case No.  6:06-cv-451-Orl-19JGG**

CRAB TRAP INCORPORATED, d/b/a
Ozzie's Crab House, SANDRA SHELTON,

                **Defendants.**

---

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR SANCTION OF DEFAULT PURSUANT TO FED. R. CIV. P. 37(b) (Doc. No. 46)** |
| **FILED:** | **January 11, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** as unopposed.

## I.    BACKGROUND

Plaintiffs filed this action against Crab Trap, Incorporated d/b/a Ozzie's Crab House ["Crab

Trap"] and Sandra Shelton ["Shelton"] on April 7, 2006. Docket No. 1. According to Plaintiffs, Crab

Trap and Shelton (an officer of Crab Trap) operate a restaurant in which Plaintiffs' songs are publicly

performed in violation of the Copyright Act, 17 U.S.C. § 101, *et. seq*. *Id.* Plaintiffs filed an answer

and affirmative defenses through counsel on June 15, 2006. Docket No. 20.

On August 15, 2006, Plaintiffs asked the Court to compel Defendants to produce mandatory initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) . Docket No. 29. Under the Case Management and Scheduling Order ["CMSO"], the disclosures were due on or before July 21, 2006. Docket No. 25 at 1. The Court granted Plaintiffs' motion to compel, and ordered Defendants to serve their disclosures on or before August 25, 2006. Docket No. 30.

On October 4, 2006, Plaintiffs filed a second motion to compel in which Plaintiffs explained that Defendants had not yet provided their mandatory initial disclosures (despite the Court's order to serve them), as well as responses to Plaintiffs' First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents. Docket No. 31. Plaintiffs stated that they served Defendants with the discovery requests on July 24, 2006, and that Defendants had not yet responded. *Id.* at 2 - 3. Plaintiffs also stated that on August 24, 2006, Defendants' counsel wrote to Plaintiffs' counsel stating that "Defendants" were involved in a motorcycle accident on August 7, 2006. *Id.* at 3. In the letter, Defendants' counsel asked Plaintiffs' counsel for "any consideration you can afford me in this matter." *Id.* At that time, Plaintiffs' counsel agreed to a twenty-day extension of the deadline to provide the mandatory initial disclosures and the responses to discovery requests. *Id.* As of October 4, 2006, Plaintiffs still had not received the disclosures and responses, and therefore filed the second motion to compel.

On the same day, the Court granted Plaintiffs' second motion to compel, and ordered Defendants to serve the mandatory initial disclosures by October 25, 2006. Docket No. 32. The Court warned that failure to comply "may result in the imposition of sanctions, including the striking of the answer and affirmative defenses and entry of default." *Id.* The Court denied without prejudice

Plaintiffs' motion to compel responses to the discovery requests for failure to comply with Local Rule 3.04(a).

Plaintiffs next filed a renewed motion to compel the discovery responses that complied with the Local Rules. Docket No. 33. On October 19, 2006, Defendants filed a "Motion for Extension of Time" in which they asked the Court for an extension of time to provide the disclosures and discovery responses. Docket No. 34. Defendants explained that Defendant Shelton and her husband James Shelton, the president of Crab Trap, were involved in a serious motorcycle accident in Montana, and that they had not returned to Florida until October 10, 2006. *Id.* at 1. Defendants further stated that Defendant Shelton remained "in serious condition," and that Defendants and their counsel had not had an opportunity to meet and discuss the outstanding discovery. Defendants sought a ten-day extension of time to serve the responses. On October 19, 2006, the Court granted Plaintiffs' motion to compel, and ordered Defendants to serve all outstanding discovery on or before November 3, 2006. Docket No. 36. The Court again warned that "[f]ailure to comply may result in the imposition of sanctions, including the striking of pleadings and the entry of default." *Id.*

On October 30, 2006, the parties jointly sought a ninety-day extension of all relevant deadlines in the CMSO, including the discovery and dispositive motions deadlines, as well as a continuance of the final pretrial conference and trial term. *Id.* The parties explained that the motorcycle accident on August 7, 2006 and Defendant Shelton's hospitalization delayed the progress of this case. Defendants did not serve their mandatory initial disclosures until October 19, 2006 (only fourteen days before the original discovery deadline of November 2, 2006), and responses to Plaintiffs' discovery requests were due to be served on November 3, 2006 pursuant to the Court's order. *Id.* at 2 - 4. The Court granted

an extension of the CMSO deadlines, and the district court entered an amended CMSO.  Docket No.

44.  Under the amended CMSO, the discovery and dispositive motions deadlines are February 2, 2007

and March 5, 2007, respectively.  *Id.* at 1.  The case is currently set for the trial term beginning July

2, 2007.  *Id.* at 2.

On November 15, 2006, Plaintiffs filed their first "Motion for Sanction of Default Pursuant

to Fed. R. Civ. P. 37(b)."  Docket No. 41.  Plaintiffs stated that Defendants still had not served

responses to the discovery requests in violation of this Court's October 19, 2006 order that required

the service of responses on or before November 3, 2006.  *Id.* at 2.  Plaintiffs asked the Court to enter

default as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).  *Id.* at 3.  Defendants

never filed a memorandum in opposition to the motion for sanctions.  On January 4, 2007, the district

court noted the failure to file a memorandum in opposition, but denied Plaintiffs' motion without

prejudice for failure to comply with Local Rule 3.01(g) and for failure to support the motion with

"evidence in the form of affidavits, declaration, or exhibits supporting [Plaintiffs'] contention that

Defendants have repeatedly failed to comply with the production of discovery requests."  Docket No.

45 at 2.

On January 11, 2007, Plaintiffs filed a renewed "Motion for Sanction of Default Pursuant to

Fed. R. Civ. P. 37(b)" now before the Court.  Docket No. 46.  Plaintiffs, again, state that they still have

not received responses to their First Request for Admissions, First Request for Production of

Documents, and First Request for Interrogatories.  *Id.* at 1 - 2.  Plaintiffs further state that Plaintiffs'

counsel spoke with Defendants' counsel on January 8, 2007, and that Defendants' counsel "stated that

he did not consent to entry of default and that [he] was trying to get the discovery out, but he gave no

assurance that the discovery responses would be served by any date certain." *Id.* at 3. In support of

their renewed motion, Plaintiffs also submitted a declaration in which Plaintiffs' counsel details his

attempts to obtain discovery and Defendants' failure to serve responses. *See* Docket No. 47. Again,

Defendants have not filed a memorandum in opposition (or *any* response) to Plaintiffs' renewed

motion for sanctions. On January 10, 2007, all parties, designated corporate representatives , and

counsel in this action attended a mediation conference, as required by the CMSO. *See* Docket No. 48

(Mediation Report filed by the mediator).

## II.    THE LAW

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction

an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16

(f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling **or pretrial order** . . . the judge,
> upon motion or the judge's own initiative, may make such orders with regard thereto
> as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D).
> In lieu of or in addition to any other sanction, the judge shall require the party or the
> attorney representing the party or both to pay the reasonable expenses incurred because
> of any noncompliance with this rule, including attorney's fees, unless the judge finds
> that the noncompliance was substantially justified or that other circumstances make
> an award of expenses unjust.

Fed. R. Civ. P. 16 (emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the

Court may issue:

> (B)    An order refusing to allow the disobedient party to support or oppose
> designated claims or defenses, or prohibiting that party from introducing designated
> matters in evidence;
> (C)    An order striking out pleadings or parts thereof, or staying further proceedings
> until the order is obeyed, or dismissing the action or proceeding or any part thereof, or
> rendering a judgment by default against the disobedient party;

-5-

> (D)    In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).  Memoranda in opposition to a written motion must be filed and served within eleven days after service of the motion.  Docket No. 25 at 6, ¶ II(E); *see also* Local Rule 3.01(b).  "Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." *Id.*

## III.    APPLICATION

Six months after Plaintiffs served their discovery requests and over two months after the Court's November 3, 2006 deadline for serving responses to those requests, Defendants still have not provided any responses, despite receiving significant extensions of time to respond and warnings that failure to comply with Court orders to compel may result in the entry of default.  In addition, Defendants do not oppose entry of default as a sanction.

Plaintiffs' Motion for Sanction of Default [Docket No. 46] is **GRANTED** as unopposed.  The Clerk shall enter default against Defendants Crab Trap, Incorporated d/b/a Ozzie's Crab House and Sandra Shelton.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-6-