# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BROADCAST MUSIC, INC., COTILLION
MUSIC, INC., NANCY HALL STAFFORD
d/b/a Terry Stafford Music Co., SONGS OF
UNIVERSAL, INC.,  et al.,**

                              **Plaintiffs,**

**-vs-**                                                **Case No.  6:06-cv-451-Orl-19UAM**

**CRAB TRAP INCORPORATED, d/b/a
Ozzie's Crab House, SANDRA SHELTON,**

                              **Defendants.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 52)** |
| **FILED:** | **March 23, 2007** |

## I.     BACKGROUND.

       Plaintiff Broadcast Music, Inc. (BMI) is a New York non-profit corporation that, through agreements with copyright owners (mostly music publishing companies and composers) acquires non-exclusive public performance rights to musical works.  *See* Doc. No. 52-2 at 1.  BMI then grants to establishments, such as restaurants, concert halls, and nightclubs, "blanket license agreements" which afford the establishments the right to perform publicly any of the works in "the BMI repertoire."  *Id.*

The other plaintiffs[1] in this action are copyright owners who granted non-exclusive public performance rights to BMI and whose works are part of the BMI repertoire.

On April 7, 2006, Plaintiffs filed a complaint alleging twenty-four claims of copyright infringement by Crab Trap, Incorporated d/b/a Ozzie's Crab House (Crab Trap) and Sandra Shelton. Doc. No. 1.  According to Plaintiffs, Crab Trap and Shelton (an officer of Crab Trap) operate Ozzie's Crab House,[2] a restaurant in which Plaintiffs' songs are publicly performed in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. *Id*.  Plaintiffs allege that twenty-four songs from the BMI repertoire were publicly performed at the Crab Trap restaurant between November 25 and December 6, 2005.  *Id*. at 3; *see also* Doc. No. 1-3.  Defendants filed an answer and affirmative defenses through counsel on June 15, 2006.  Doc. No. 20.

On January 30, 2007, without opposition from Defendants, the Court granted Plaintiffs' motion for default as a sanction for Defendants' failure to comply with Court orders compelling outstanding

---

[1]     Plaintiffs in this action are Broadcast Music, Inc.; Cotillion Music Inc.; Nancy Hall Stafford d/b/a Terry Stafford Music Co.; Songs of Universal, Inc.; Benny Bird Company, Inc.; Warner-Tamerlane Publishing Corp.; Robert J. Ritchie d/b/a Thirty Two Mile Music; Sheryl Suzanne Crow d/b/a Old Crow Music; Universal-Duchess Music Corporation; Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; EMI Blackwood Music Inc.; Stephanie Nicks d/b/a Welsh Witch Music; Peermusic III Ltd.; The Estate of Salvatore P. Bono, Mary Bono as Administratrix d/b/a Chris Marc Music; James W. Bufferr [*sic.*] d/b/a Coral Reefer Music; Combine Music Corp.; Yvonne Gibb as Personal Representative of the Estate of Maurice Ernest Gibb and Robin Gibb, a partnership d/b/a Gibb Brothers Music; Barry Alan Gibb d/b/a Crompton Songs; Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; Stone Diamond Music Corp.; James Richard Steinman d/b/a Lost Boys Music; Can't Stop Productions, Inc.; Universal-Songs of Polygram International, Inc.; Anthony L. Ray d/b/a Mix-a-Lot Publishing, Inc.; Painted Desert Music Corporation; Unichappell Music, Inc.; Ice Man Music Corporation; and Trio Music Co., Inc.  Doc No. 1.

[2]     The restaurant is called "Ozzie's Crab House."  Since Defendant is "Crab Trap, Incorporated d/b/a Ozzie's Crab House," in this order, I refer to Defendant and the restaurant both as "Crab Trap."

discovery.  Doc. No. 49.  The Clerk entered defaults against both Defendants the following day.  Doc.

No. 50.

Plaintiffs now seek entry of default judgment against Defendants.  Doc. No. 52.  In their

motion, Plaintiffs also ask the Court to order that:

> (a)     Defendants, their agents, servants, employees, and all persons acting under their
> permission and authority, be enjoined and restraining [sic] from infringing, in any
> manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C.
> § 502;
>
> (b)     Defendants pay statutory damages in the amount of $48,000.00, which
> represents an award of $2,000.00 for each of the twenty-four (24) acts of infringement,
> pursuant to 17 U.S.C. § 504(c);
>
> (c)     Defendants pay [P]laintiffs' costs, including reasonable attorneys' fees in the
> amount of $10,359.00, pursuant to 17 U.S.C. § 505;
>
> (d)     Defendants pay interest in these awards pursuant to 28 U.S.C. § 1961

*Id.* at 4.[3]  Defendants, again, filed no opposition to the motion.

## II.     ANALYSIS.

Plaintiffs are not entitled to entry of a default judgment merely because a default has been

entered against the defendants.  *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200,

1206 (5th Cir. 1975).  Rather, they must establish that the factual allegations in the complaint are

sufficient, under governing law, to establish that the defendant is liable for the alleged violations.  "The

defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

*Nishimatsu*, 515 F.2d at 1206.

---

[3]     Plaintiffs do not specifically ask the Court to retain jurisdiction for the purpose of
enforcing the injunction in their motion, but they did submit a proposed "Order of Judgment" which
states that "[t]his Court shall retain jurisdiction over the action for the purpose of enforcing the
judgment granted."  Doc. No. 52-5.

To satisfy this burden, Plaintiffs must support the motion for entry of a default judgment with a legal memorandum containing supporting authority that the facts pleaded in the complaint (but not the conclusions of law contained therein) are sufficient to establish each element of each claim against the defendant. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1481 (N.D. Ga. 1997). In the motion, Plaintiffs did not review the elements of the causes of action or whether and to what extent the well-pleaded allegations of the complaint establish each element of the causes of action.

If liability is established, Plaintiffs may then proceed to present evidence in support of an award of damages. The evidence presently before the Court establishes that Defendants performed allegedly infringing music only once on December 1, 2005. *See* Doc. No. 52-3 at 5-11.

Finally, the request for an award of attorneys' fees must be supported by evidence sufficient for the Court to determine the reasonable hourly rate for each individual for whose work compensation is sought and to determine the number of hours reasonably worked. The affidavit from Frank R. Jakes, Esq., provides information only about Mr. Jakes, not about others for whose work compensation is sought. The work performed is not itemized, which is necessary for the Court to determine if the time spent on specific tasks was reasonable, and it is unclear what hourly rate applies to what work because the affidavit speaks only to a range of hourly rates. Furthermore, the motion, which requests $10,359 in "reasonable attorneys' fees," is inconsistent with Mr. Jakes' representations in the affidavit that Plaintiffs seek only $10,011 in attorney's fees. *Compare* Doc. No. 52 at 4 *with* Doc. No. 52-4 at 3.

Because the motion and supporting evidence are insufficient for the reasons stated herein, it is appropriate to permit Plaintiffs to file a renewed motion. The renewed motion shall not seek attorneys'

fees for work performed after the date that the present motion was filed because the additional work was necessitated by counsel's failure to present the matter properly in the first instance.

**III.    CONCLUSION**.

      Accordingly, Plaintiffs' Motion for Default Judgment [Doc. No. 52] is **DENIED** without prejudice to filing and serving a renewed motion with sufficient evidentiary support on or before June 1, 2007.

      **DONE** and **ORDERED** in Orlando, Florida on May 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties